FILED

2015 DEC 15  PM 3:35

Th

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILBRAUN D. AGNEW,<br>CDCR #AB-8411,<br><br>                              Plaintiff,<br><br><br><br>                 vs.<br><br>CHRISTOPHER M. LAWSON, Deputy<br>District Attorney,<br><br>                              Defendant. | Civil No.    15-cv-2113 BEN (JMA)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO<br>PROCEED IN FORMA<br>PAUPERIS**<br>**[ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION<br>FOR FAILING TO STATE<br>A CLAIM PURSUANT TO<br>28 U.S.C. § 1915(e)(2)(B)(ii)<br>AND § 1915A(b)(1)** |

Before this Court is a Motion to Proceed *In Forma Pauperis* ("IFP"), filed by Plaintiff Jilbraun D. Agnew. (ECF Doc. No. 2.) For the reasons stated below, the Motion is **GRANTED** and the case is **DISMISSED**.

Plaintiff, proceeding *pro se*, is a prisoner currently incarcerated at Salinas Valley State Prison in Soledad, California, and has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Doc. No. 1.) Plaintiff claims a Deputy District Attorney violated his due process and Eighth Amendment rights during December 2009 criminal sentencing proceedings held in San Diego Superior Court. (Compl. at 3.) Plaintiff seeks $10,000,000 in damages and his "immediate release." (*Id.* at 7.)

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments," *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of [his] trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint."  § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* § 1915(b)(1), (4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* § 1915(b)(2).

In support of his IFP Motion, Plaintiff submitted a certified copy of his trust account statement pursuant to section 1915(a)(2) and Civil Local Rule 3.2. (ECF Doc.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1   No. 2 at 5).  The Court has reviewed Plaintiff's trust account statement, and it

2   indicates Plaintiff had only $.01 to his credit at the time of filing.  Therefore, the

3   Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2), and assesses no

4   initial partial filing fee per 28 U.S.C. § 1915(b)(1).  *See* § 1915(b)(4) (providing that

5   "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing

6   a civil action or criminal judgment for the reason that the prisoner has no assets and

7   no means by which to pay the initial partial filing fee.");  *Taylor*, 281 F.3d at 850

8   (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a

9   prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds

10  available to him when payment is ordered.").  However, the entire $350 balance of

11  the filing fees due for this case must be collected by the California Department of

12  Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court

13  pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

14  **II.**     **Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

15          **A.     Standard of Review**

16          Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees,

17  the PLRA also obligates the Court to review complaints filed by all persons

18  proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any

19  facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of

20  criminal law or the terms or conditions of parole, probation, pretrial release, or

21  diversionary program," "as soon as practicable after docketing."  28 U.S.C.

22  §§ 1915(e)(2) and 1915A(b).  Under these screening statutes, the Court must sua

23  sponte dismiss complaints, or any portions thereof, which are frivolous, malicious,

24  fail to state a claim, or which seek damages from defendants who are immune.  28

25  U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Rhodes v. Robinson*, 621 F.3d 1002,

26  1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b));  *Lopez v. Smith*, 203 F.3d

27  1122, 1126-27 (9th Cir. 2000) (en banc) (discussing section 1915(e)(2)).

28          All complaints must contain "a short and plain statement of the claim showing

1   that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual

2   allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

3   action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*,

4   556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

5   (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . .

6   a context-specific task that requires the reviewing court to draw on its judicial

7   experience and common sense." *Id.*  The "mere possibility of misconduct" falls short

8   of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d

9   962, 969 (9th Cir. 2009).

10       "When there are well-pleaded factual allegations, a court should assume their

11   veracity, and then determine whether they plausibly give rise to an entitlement to

12   relief." *Iqbal*, 556 U.S. at 679; *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

13   ("[W]hen determining whether a complaint states a claim, a court must accept as true

14   all allegations of material fact and must construe those facts in the light most

15   favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

16   1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil

17   Procedure 12(b)(6).").  However, while the court "ha[s] an obligation where the

18   petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings

19   liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627

20   F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1

21   (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially

22   pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.

23   1982).

24       **B.    Plaintiff's Complaint**

25       First, Plaintiff asks that this Court grant him injunctive relief in the form of his

26   "immediate release." (Compl. at 7.)  It is clear, however, that Plaintiff may not use

27   the Civil Right Act, 42 U.S.C. § 1983, to procure his release. *See Preiser v.*

28   *Rodriguez*, 411 U.S. 475, 489 (1973) (holding that a writ of habeas corpus is

1  "explicitly and historically designed" to provide a state prisoner with the "exclusive"

2  means to collaterally "attack the validity of his confinement" in federal court). "Suits

3  challenging the validity of the prisoner's continued incarceration lie within 'the heart

4  of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner

5  who is making a constitutional challenge to the conditions of his prison life, but not

6  to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir.

7  2003) (quoting *Preiser*, 411 U.S. at 498-99).

8      Second, to the extent Plaintiff seeks money damages against the Defendant, a

9  deputy district attorney who prosecuted his criminal case, based on alleged violations

10  of his due process and Eighth Amendment rights during a sentencing hearing held on

11  December 17, 2009, his claims amount to an attack on the validity of his underlying

12  criminal conviction, and as such, are not addressable under 42 U.S.C. § 1983, unless

13  he also alleged his conviction has already been invalidated. *Heck v. Humphrey*, 512

14  U.S. 477, 486-87 (1994); *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing,

15  '[e]ven a prisoner who has fully exhausted available state remedies has no cause of

16  action under § 1983 . . . .'").

17      *Heck* holds that "in order to recover damages for allegedly unconstitutional

18  conviction or imprisonment, or for other harm caused by actions whose unlawfulness

19  would render a conviction or sentence invalid, a section 1983 plaintiff must prove

20  that the conviction or sentence has been reversed on direct appeal, expunged by

21  executive order, declared invalid by a state tribunal authorized to make such

22  determination, or called into question by a federal court's issuance of a writ of habeas

23  corpus." 512 U.S. at 486-87. A claim challenging the legality of a conviction or

24  sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at

25  487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

26      In *Heck*, the Supreme Court held that:

27          when a state prisoner seeks damages in a section 1983 suit, the
           district court must consider *whether a judgment in favor of the*
28          *plaintiff would necessarily imply the invalidity of his*
           *conviction or sentence*; if it would, the complaint must be

1      dismissed unless the plaintiff can demonstrate that the
2      conviction or sentence has already been invalidated. But if the
    district court determines that the plaintiff's action, even if
3      successful, will not demonstrate the invalidity of any
    outstanding criminal judgment against the plaintiff, the action
4      should be allowed to proceed.

5  512 U.S. at 487 (emphasis added). An action barred by *Heck* should be dismissed for

6  failure to state a claim without prejudice to Plaintiff's right to file a new action if he

7  succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

8        Plaintiff has not shown that his underlying conviction was invalidated. In fact,

9  Plaintiff admits he has "filed a few habeas corpus [sic] but to no avail." (Compl. at

10  3.) Thus, to the extent Plaintiff claims Deputy District Attorney Lawson "secured

11  [his] conviction in bad faith," and recommended that the sentencing judge impose a

12  "double punishment for acts necessarily included" in another criminal case for which

13  Plaintiff claims to have been acquitted, Plaintiff's claims necessarily imply the that

14  his criminal conviction and incarceration are invalid.

15        Finally, even if Plaintiff could show that his conviction has already been

16  invalidated, he may not sue the deputy district attorney who prosecuted him on behalf

17  of the State of California for damages under the Civil Rights Act. The State of

18  California is entitled to sovereign immunity under the Eleventh Amendment. *See*

19  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 100-01 (1984) (holding

20  that regardless of whether the relief sought is legal or equitable, "in the absence of

21  consent a suit in which the State or one of its agencies or departments is named as the

22  defendant is proscribed by the Eleventh Amendment."). Deputy District Attorney

23  Lawson is likewise entitled to absolute prosecutorial immunity. *See Van de Kamp v.*

24  *Goldstein*, 555 U.S. 335, 341 (2009) (prosecutors are absolutely immune from

25  liability in § 1983 lawsuits based on actions that are "intimately associated with the

26  judicial phase of the criminal process.") (citing *Imbler v. Pachtman*, 424 U.S. 409,

27  428, 430 (1975)). "Sentencing is a phase that is 'intimately associated with the

28  judicial phase of the criminal process,' and is therefore protected by absolute

immunity from civil liability." *Faulkner v. Cnty. of Kern*, No. 1:04-CV-05964, 2006 WL 1795107, at *26 (E.D. Cal. June 28, 2006) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003)).

Thus, for all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which section 1983 relief can be granted.

**III.   Leave to Amend**

Finally, while the Court would typically grant Plaintiff leave to amend in light of his *pro se* status, doing so under the circumstances would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Amendment is futile because even if Plaintiff could allege facts to show the prosecutor's acts were not "intimately associated with the judicial phase of the criminal process," a claim for damages under section 1983 could still not proceed pursuant to *Heck* because Plaintiff admits his previous attempts at invalidating his conviction via both direct appeal and state collateral attack have already proven unsuccessful. (*See* Compl. at 3.) Accordingly, the Court takes judicial notice of Plaintiff's direct appeal in *People v. Agnew*, 2010 WL 4619332, Appeal No. D056495 (Cal. Ct. App. 4th Dist. Nov. 16, 2010) (unpub.), in which he attempted, but failed to invalidate his conviction and sentence in San Diego Superior Court Case No. SCD220189, in part, on grounds of prosecutorial misconduct. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

The Court further takes judicial notice of Plaintiff's three subsequent unsuccessful attempts to invalidate his conviction in SCD220189 via state habeas corpus proceedings. *See In re Jilbraun Dandton Agnew*, Appeal No. D066003 (Cal.

-7-

1  Ct. App. 4th Dist. June 11, 2014) (Order denying petition) (unpub.); *In re Jilbraun*
2  *Dandton Agnew*, Appeal No. D066050 (Cal. Ct. App. 4th Dist. June 13, 2014) (Order
3  denying petition) (unpub.); and *In re Jilbraun Dandton Agnew*, Appeal No. D067694
4  (Cal. Ct. App. 4th Dist. April 14, 2015) (Order denying petition) (unpub.).

5  **IV.   Conclusion and Order**

6      For the reasons set forth above, the Court:

7      1)   **GRANTS** Plaintiff's Motion to Proceed IFP.  (ECF Doc. No. 2.)

8      2)   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from
9  Plaintiff's prison trust account the $350 filing fee owed in this case by collecting
10  monthly payments in an amount equal to 20% of the preceding month's income and
11  forwarding them to the Clerk of the Court each time the amount in his account
12  exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST
13  BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO
14  THIS ACTION.

15      3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeffrey
16  A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O.
17  Box 942883, Sacramento, California, 94283-0001.

18      4.   **DISMISSES** this civil action without prejudice for failing to state a
19  claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)
20  and 1915A(b)(1).

21      5.   **DENIES** Plaintiff leave to amend as futile. *See Cahill v. Liberty Mut.*
22  *Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse
23  of discretion where further amendment would be futile); *see also Robinson v. Cal. Bd.*
24  *of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not,
25  and cannot, state a claim containing an arguable basis in law, this action should be
26  dismissed without leave to amend; any amendment would be futile.") (citing *Newland*
27  *v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)); and

28      6.   **CERTIFIES** that an IFP appeal from this Order of dismissal to the

1 | Ninth Circuit Court of Appeals would not be taken in good faith pursuant to 28

2 | U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962);

3 | *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted

4 | to proceed IFP on appeal only if appeal would not be frivolous).

5 | **IT IS SO ORDERED**.

8 | DATED: December 16, 2015

HON. ROGER T. BENITEZ
United States District Judge

15-cv-2113